UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rodney Dewayne Jones, # 97157-071, | ) C/A No. 8:14-766-MGL-JDA |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) Report and Recommendation |
| M. Travis Bragg, | ) |
| | ) |
| Respondent. | ) |

## Background of this Case

Petitioner is a federal inmate at FCI-Bennettsville. Petitioner is serving a sentence of 392 months for multiple bank robberies and two firearms offenses entered in *United States v. Rodney Dewayne Jones*, Criminal No. 6:01-239-HMH-2. Petitioner pled guilty to armed bank robbery, aiding and abetting bank robbery, and two weapons (firearms) charges. Petitioner's convictions and sentences were affirmed on direct appeal by the United States Court of Appeals for the Fourth Circuit in *United States v. Jones*, No. 01-4751, 41 Fed.Appx. 632, 2002 WL 1492264 (4th Cir. July 15, 2002).

In *Rodney Dewayne Jones v. United States*, Civil Action No. 6:04-1583-HMH, Petitioner on May 19, 2004, submitted a Section 2255 motion to vacate. On June 21, 2004, the Honorable Henry M. Herlong, Jr., United States District Judge, denied relief and summarily dismissed the motion to vacate. Petitioner's subsequent appeal in Civil Action No. 6:04-1583-HMH was not successful. On May 3, 2005, the United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed the appeal

in *United States v. Jones*, No. 04-7539, 127 Fed.Appx. 114, 2005 WL 1023229 (4th Cir. May 3, 2005).

In the Section 2241 Petition in the above-captioned case, Petitioner raises four grounds: *(I)* Petitioner is actually innocent of 18 U.S.C. § 924(c)(1)(C), as a result of the decision of the Supreme Court of the United States in *Alleyne v. United States* [Doc. 1 at 8]; *(II)* Petitioner's restitution order should be vacated [*Id*.]; *(III)* Petitioner is actually innocent of 18 U.S.C. § 924(c)(1)(C) due to a constructive amendment of the indictment [*Id*. at 13]; and *(IV)* ineffective assistance of counsel [*Id*. at 16].

In his memorandum incorporated into the body of the Petition, Petitioner contends that under *Alleyne*, Petitioner should have been sentenced to the minimum term of imprisonment for a violation of 18 U.S.C. § 924(c) [*Id*. at 10].  With respect to the order of restitution, Petitioner contends that the sentencing court failed to make detailed findings to his ability to repay, earning ability, and financial resources of Plaintiff's dependents [*Id*. at 12]. As to Ground III, Petitioner contends that the "court of conviction" violated Due Process and the Grand Jury Clause of the Fifth Amendment [*Id*. at 15].  With respect to his claims of in effective assistance of counsel in Ground IV, Petitioner contends that defense counsel was ineffective for allowing the government to violate the Speedy Trial Act, the Due Process Clause, and his Sixth Amendment [*Id*. at 16].   Specifically, Petitioner contends that his trial counsel should not have agreed to continuances, one of which was a retroactive continuance, and should have apprised Petitioner of the recidivist provision of 18 U.S.C. § 924(c) [*Id*. at 17].

### *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions the Anti-Terrorism and Effective Death Penalty Act of 1996 and other habeas corpus statutes. The review[*] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). Even when considered under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dept. of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

The claims raised in the above-captioned case, however, are not proper § 2241 grounds. Whether filed by a state prisoner or federal prisoner, a petition for writ of habeas

---

[*]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

corpus under 28 U.S.C. § 2241 has only been resorted to only in limited situations — such as actions challenging the administration of parole, computation of good time or jail time credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence. *Barber v. Rivera*, Civil Action No. 4:11-2579-TMC-TER, 2011 WL 6982074, at *2 (D.S.C. Dec. 13, 2011) (collecting cases), *adopted by* 2012 WL 80250 (D.S.C. Jan. 11, 2012).

A prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255. *Watson v. Rivera*, Civil Action No. 9:11-2957-MBS-BM, 2011 WL 6965811, at *2 (D.S.C. Dec. 1, 2011), *adopted by* 2012 WL 45436 (D.S.C. Jan. 9, 2012). Since Petitioner is seeking relief from his convictions and sentences imposed in Criminal No. 6:01-239-HMH-2, the relief requested by Petitioner in the above-captioned matter is available, if at all, under 28 U.S.C. § 2255. *Dixon v. Rivera*, Civil Action No. 1:11-3468-TLW-SVH, 2012 WL 405702, at *2 (D.S.C. Jan 20, 2012), *adopted by* 2012 WL 405697 (D.S.C. Feb. 8, 2012).

Petitioner does not satisfy the three-part test to bring a Section 2241 action raising Section 2255 claims. *See In Re Jones*, 226 F.3d 328 (2000). Under the holding of *In Re Jones*, § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

4

Petitioner does not satisfy the second prong of the *In Re Jones* test because there has been no change in substantive law relating to his federal convictions for armed bank robbery and using or carrying a firearm during a robbery. In other words, the savings clause has not been extended to prisoners who challenge only their sentences. *See United States v. Poole*, 531 F.3d 263, 267, n. 7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence."); and *Brown v. Rivera*, No. 9:08-3177-PMD-BM, 2009 WL 960212, at *3 (D.S.C. April 7, 2009) ("In regard to Petitioner's claim that he is actually innocent of being an armed career criminal, that claim is facially inadequate to require consideration because 'Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence.'").

Many federal prisoners, such as Petitioner, have erroneously attempted to overturn federal convictions or sentences by filing a Section 2241 action. *See, e.g., San-Miguel v. Dove*, 291 F.3d 257, 259–61 (4th Cir. 2002) (upholding summary dismissal of Section 2241 action filed in the District of South Carolina challenging convictions and sentences entered in the United States District Court for the District of Puerto Rico). The fact that a Section 2255 action may be untimely or successive does not render a Section 2255 remedy inadequate or ineffective. *In Re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). This Court has held that the savings clause is not satisfied merely because a petitioner's prior § 2255 motion was unsuccessful or because a petitioner is unable to meet the requirements to file a successive § 2255 motion. *Chisholm v. Pettiford*, No. 6:06-2032-PMD-WMC, 2006 WL 2707320, at *2 (D.S.C. Sept. 18, 2006).

Petitioner is not entitled to relief under *Alleyne v. United States*, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), which held that any fact that increases the statutory mandatory minimum is an element that must be submitted to the jury and found beyond a reasonable doubt.  First, this Court has held that *Alleyne* is not applicable to cases under collateral review.  *See*, *e.g.*, *Guzman v. Mora*, 8:13-2200-HMH-JDA, 2013 WL 6050353, at *2 (D.S.C. Nov. 14, 2013); and *Smith v. Fed. Bureau of Prisons*, C/A No. 9:13-384-RMG, 2013 WL 3833050, at *4 n. 2 (D.S.C. July 23, 2013) ("*Alleyne* was not made retroactive to cases on collateral review").  Second, Petitioner's exhibits in this case indicate that Petitioner pled guilty to two firearms charges: Count 2 (use and brandishing of a firearm on May 16, 2000 [Doc. 1-1 at 3) and to Count 6 (use and brandishing of firearm on July 7, 2000 [*Id*. at 5].  The use and brandishing of a firearm on May 16, 2000, concerned the robbery of the Wachovia Bank on West Parker Road in Greenville [*Id*. at 1].  The use and brandishing of a firearm on July 7, 2000, concerned the robbery of the Regions Bank on Patewood Drive in Greenville  [*Id*. at 4].  Contrary to Petitioner's assertion, Petitioner was sentenced to the minimum statutory sentence of seven years (84 months) on Count 2.  Hence, there was no increase in the mandatory minimum sentence with respect to Count 2 that would make *Alleyne* applicable.

Moreover, Petitioner's contention that his conviction and sentence for the robbery of the Regions Bank did not constitute a second offense to the robbery of the Wachovia Bank were decided adversely to Petition in his prior Section 2255 action.  *See* Order [Doc. 3 at 6–7 & n. 3] of June 21, 2004, entered by Judge Herlong in *Jones v. United States*, Civil Action No. 6:04-1583-HMH (finding Petitioner committed a "second" firearms offense

6

and rejecting ineffective assistance of counsel claim).  Hence, Petitioner was properly sentenced on Count 6 because his brandishing of a firearm during the robbery of the Regions Bank on July 7, 2000, was a subsequent firearms offense, under 18 U.S.C. § 924(c)(1)(C), to his brandishing a firearm during the robbery of the Wachovia Bank on May 16, 2000.

Ground III (ineffective assistance of counsel with respect to continuances) was also decided adversely to Petitioner in his prior Section 2255 action.  *See* Judge Herlong's Order of June 21, 2004, in Civil Action No. 6:04-1583-HMH : "Therefore Jones' claim of ineffective assistance of counsel based upon his counsel's consent to continuances requested by the government is without merit." [Doc. 3 at 5].

Petitioner also challenges his restitution order.  The Judgment and Commitment in Criminal No. 6:01-239-HMH-2 indicates that Petitioner was involved in various bank robberies.  The amounts taken in the bank robberies were $7032.50 (Wachovia Bank), $4,197 (Regions Bank), $16,384 (Wachovia Bank), $12,074 (First Savers Bank), $3,239 (First Citizens Bank), $2,799.50 (Wachovia Bank), and $694.50 (Greenville Federal Credit Union), for a total of $46,420.50 [Doc. 107 at 4].  Petitioner did not raise this issue on direct appeal.  *See United States v. Jones*, 41 Fed.Appx. at 632.  Also, Petitioner did not raise any grounds relating to restitution in his prior Section 2255 action.  *See* Petitioner's Motion to Vacate [Doc. 1 at 1–6] filed in Civil Action No. 6:04-1583-HMH on May 19, 2004.  Although restitution is facially cognizable issue on direct appeal and in a Section 2255 action, *see United States v. Bruchey*, 810 F.2d 456 (4th Cir. 1987), Petitioner's restitution claim in the above-captioned case is a successive Section 2255-type ground because he failed to raise the issue on direct appeal or in his prior Section 2255 action.  Hence, relief

with respect to the restitution is not available to Petitioner under 28 U.S.C. § 2241. *See Lezama v. Warden, FCI Bennettsville*, Civil Action No. 5:12-2971-DCN-KDW, 2012 WL 6864387, at *1–6 (D.S.C. Dec. 21, 2012) (recommending summary dismissal of Section 2241 action challenging guideline used at sentencing and order of restitution), *adopted by* 2013 WL 170007 (D.S.C. Jan. 16, 2013).

As to Ground I, Petitioner is not entitled to relief under *Alleyne*. Petitioner's remaining grounds (Grounds II – IV) are successive Section 2255 claims.

### RECOMMENDATION

Accordingly, it is recommended that the Section 2241 Petition be dismissed *without prejudice* and without requiring Respondent to file an Answer or return. It is also recommended that the District Court deny a Certificate of Appealability.

**Petitioner's attention is directed to the Notice on the next page.**

s/ Jacquelyn D. Austin
United States Magistrate Judge

March 26, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).